

Beacon Funding Corporation

3400 Dundee Road, Suite 180
Northbrook, IL 60062
Phone  847.291.6494
Fax  847.291.3414

28 Lord Road, Suite 230
Marlborough, MA 01752
Phone  847.291.6494
Fax  508.229.7899



THIS IS A COPY
The Authoritative Copy of this record is held at www.docusign.net

BFC15592-01

## EXHIBIT 'A'

## Equipment Finance Agreement  Page 1 of 3

Federal Tax ID # _____  This document was written in "Plain English". The words YOU and YOUR refer to the customer. The words WE, US and OUR refer to the financer/secured party.

**COMPLETE LEGAL NAME AND FULL ADDRESS OF DEBTOR ("DEBTOR")**

Mark Rice DBA: M & S Transport
7929 Lost Creek Road
Mansfield, TX 76063
(817) 770-1935

**NAME AND FULL ADDRESS OF THE EQUIPMENT SUPPLIER ("SUPPLIER")**

Coker Equipment Sales, Inc.
9100 Ambassador Row
Dallas, TX 75247
(214) 742-5221

**SCHEDULE OF EQUIPMENT FINANCED ("EQUIPMENT") (include make, year, model, identification and model numbers or marks)**

- (1)2019 Ford F650  VIN 1FDWX6DE6K0F02386 With
- (1)2019 Chevron 21' SN 21Oc-10S-06098-HB19 Steel Carrier With All Accessories, Attachments and Options

EQUIPMENT LOCATION (IF DIFFERENT FROM DEBTOR ADDRESS SHOWN):

**SCHEDULE OF MONTHLY PAYMENTS**

| Initial Term | Commencement Date | Amount Of Each Payment During Initial Term | Advance Payments | Security Deposit |
|---|---|---|---|---|
| 66 | 5/1/2019 | 66 @ $2,628.85<br><br>Per Month Plus Tax, if applicable. | $0.00<br><br>Applicable to Prepaid Payments for N/A Month(s) of the Initial Term or of any extended term of this Agreement as the case may be, plus Additional Provisions. | $5,257.70 |

**THIS IS A NONCANCELABLE/IRREVOCABLE AGREEMENT, THIS AGREEMENT CANNOT BE CANCELLED OR TERMINATED.**

**TERMS AND CONDITIONS**
(THIS AGREEMENT CONTAINS PROVISIONS SET FORTH ON THE REVERSE SIDE, ALL OF WHICH ARE MADE PART OF THIS AGREEMENT)

**BEACON FUNDING CORPORATION, SECURED PARTY**                                    Mark Rice DBA: M & S Transport, DEBTOR

X *Mark Byrne* (DocuSigned)     Date: April 30, 2019          X *Mark Rice* (DocuSigned)     Date: 4/24/2019

As additional inducement for us to enter into the Agreement (including each Supplement), the undersigned ("Guarantor") unconditionally personally guarantees that the customer will make all payments and meet all obligations required under this Agreement and any Supplements fully and promptly. Guarantor agrees that we may make other arrangements including compromise or settlement with the borrower named above. The Guarantor waives all defenses and notice of those changes and will remain responsible for the payment and obligations of this Agreement. We do not have to notify Guarantor if the borrower is in default. If the borrower defaults, Guarantor will immediately pay in accordance with the default provision of the Agreement all sums due under the terms of the Agreement and will perform all the obligations of the borrower under the Agreement. If it is necessary for us to proceed legally to enforce this guaranty, Guarantor expressly consents to the jurisdiction of the court set out in paragraph 14 and agree to pay all costs, including attorneys fees incurred in enforcement of this guaranty. It is not necessary for us to proceed first against the borrower before enforcing this guaranty. By signing this guaranty, the Guarantor authorizes us to obtain personal credit bureau reports for credit and collection purposes. Guarantor waives jury trial in any dispute arising out of the Agreement or this guaranty. Customer agrees that by providing us with a telephone number for a cellular phone or other wireless device, Customer is expressly consenting to receiving communications - including but not limited to prerecorded or artificial voice message calls, text messages, and calls made by an automatic telephone dialing system -- from Lessor or Secured Party, or its assigns, and its affiliates and agents at that number. This express consent applies to each such telephone number that you provide to us now or in the future and permits such calls regardless of their purpose. These calls and messages may incur access fees from your cellular provider.

X *Mark Rice* (DocuSigned)     Date: 4/24/2019
Mark Rice


Case 23-42473-elm13    Doc 35-1    Filed 09/21/23    Entered 09/21/23 09:01:34    Desc
                                    Exhibit         Page 2 of 4

Beacon Funding Corporation
3400 Dundee Road, Suite 180
Northbrook, IL 60062
Phone 847.291.6494
Fax 847.291.3414

28 Lord Road, Suite 230
Marlborough, MA 01752
Phone 847.291.6494
Fax 508.229.7899

THIS IS A COPY
The Authoritative Copy of this Record is Held at www.docusign.net


BFC15592-01

## Equipment Finance Agreement Page 2 of 3

**1. FINANCE AGREEMENT:** Subject to the terms of this Equipment Finance Agreement signed by you and us, rather than pay the cash price, you have chosen to request we finance for you the purchase price of personal property described under "ITEM DESCRIPTION" in this Agreement (such personal property and any upgrades, replacements, repairs and additions referred to as "Equipment") which you will use for business purposes only. You hereby grant to us a first priority, purchase money security interest in the Equipment and its proceeds to secure your obligations hereunder and under all other agreements with us, and you agree to all of the terms and conditions contained in this Agreement, which together are a complete statement of our agreement regarding the Equipment (this "Agreement"). This Agreement may be modified only by written agreement signed by both parties and not by course of performance. This Agreement becomes valid upon execution by us and will begin on the commencement date and for the number of consecutive months shown above or on the applicable Supplement. You also agree to pay to us a pro-rated initial payment, prior and in addition to the payments set forth herein, in an amount equal to 1/30th of the monthly payment, multiplied by the number of days lapsing between the date on which payment is made to the supplier and the first payment due under this agreement. If any provision of this Agreement is declared unenforceable, the other provisions shall remain in full force and effect.

**2. PAYMENTS:** Payments will be paid monthly, each in the amount of the monthly payment shown in the schedule of monthly payments or on the applicable Supplement plus any applicable tax. IF YOUR SCHEDULE OF PAYMENTS INCLUDES A BALLOON PAYMENT (the last payment of initial term) that balloon payment is due and payable in full as per schedule. If for any reason the balloon is not remitted when due, please refer to Paragraph 11 Default and Remedies. You will pay the security deposit on the date you sign this Equipment Finance Agreement. Subsequent payments will be due the first day of each payment period shown beginning after the first payment period. We will have the right to apply all sums received from you to any amounts due and owed to us under the terms of this Agreement. In the event this Agreement is not fully repaid, the security deposit will be retained by us to compensate us for our documentation, processing and other expenses. If for any reason, your check is returned for nonpayment, a $75.00 bad check charge will be assessed.

**3. NONCANCELLABLE:** This is a noncancellable irrevocable agreement and may not be cancelled by you for any reason whatsoever.

**4. WARRANTY DISCLAIMER:** WE MAKE NO WARRANTY, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY WARRANTY THAT THE EQUIPMENT IS FIT FOR A PARTICULAR PURPOSE OR THAT THE EQUIPMENT IS MERCHANTABLE. YOU AGREE THAT YOU HAVE SELECTED THE SUPPLIER AND EACH ITEM OF EQUIPMENT BASED UPON YOUR OWN JUDGMENT AND DISCLAIM ANY RELIANCE UPON ANY STATEMENTS OR REPRESENTATIONS MADE BY US. ALL EQUIPMENT SHALL BE PURCHASED ON AN 'AS IS, WHERE IS' BASIS. WE DO NOT TAKE RESPONSIBILITY FOR THE INSTALLATION OR PERFORMANCE OF THE EQUIPMENT. THE SUPPLIER IS NOT AN AGENT OF OURS AND NOTHING THE SUPPLIER STATES CAN AFFECT YOUR OBLIGATION UNDER THE AGREEMENT. YOU WILL CONTINUE TO MAKE ALL PAYMENTS UNDER THIS AGREEMENT REGARDLESS OF ANY CLAIM OR COMPLAINT AGAINST SUPPLIER.

**5. LOCATION OF EQUIPMENT/INSPECTION:** You are the owner of the Equipment and agree to keep the Equipment free and clear of all liens and encumbrances and Debtor will keep, or permanently garage and not remove from such location for more than 30 days or from the United States for any period of time. We may inspect the Equipment at any time during normal business hours.

**6. LOSS OR DAMAGE:** You are responsible for the risk of loss or for any destruction of or damage to the Equipment. No such loss or damage relieves you from the payment obligations under this Agreement. You agree to promptly notify us in writing of any loss or damage and you will then pay to us the present value of the total of all unpaid payments for the full term all discounted at four percent. Any proceeds of insurance will be paid to us and credited against the outstanding balance. The financer may install and maintain at its expense anti-theft or recovery devices on the vehicle provided that such devices do not substantially impair the borrower's use or operation of the vehicle. You agree to cooperate in the maintenance and effective use of such devices including (a) periodic testing; (b) replacement of batteries; (c) producing the vehicle or device for maintenance, testing, repairs or replacement; (d) providing Financer with passwords, codes, and such identification data as may be necessary to activate the device and initiate theft recovery procedures; and (e) promptly reporting the vehicle stolen to the appropriate law enforcement agency and the Financer to initiate theft recovery procedures.

**7. COLLATERAL PROTECTION AND INSURANCE:** You agree to keep each item of Equipment fully insured against loss, naming us as lender's loss payable, in an amount not less than replacement cost until this Agreement is terminated as to such item. You also agree to obtain a general public liability insurance policy from anyone who is acceptable to us and to include us as an insured on the policy. You agree to provide us certificates or other evidence of insurance acceptable to us before this Agreement begins. If you do not comply with this requirement, we will bill you and you will pay a contract protection surcharge as a result of our increased credit risk. THIS ADDITIONAL FEE IS NOT INSURANCE. You will use the Equipment only as permitted by law and such insurance.

**8. INDEMNITY:** We are not responsible for any loss or injuries caused by the installation or use of the Equipment. You agree to hold us harmless and reimburse us for loss and to defend us against any claim for costs, losses or injury caused by the Equipment or its use or related to this Agreement. Your indemnity obligation includes any cost, expense or liability we incur, including court costs, attorney fees, interest and penalties.

**9. TAXES AND FEES:** You agree to pay when due all taxes (including personal property tax, fines and penalties) relating to this Agreement or the Equipment. If we pay any of the above for you, you agree to reimburse us and to pay us a processing fee for each payment we make on your behalf. You also agree to pay us any filing fees prescribed by the Uniform Commercial Code and reimburse us for all costs and expenses involved in documenting and servicing this transaction.

**10. ASSIGNMENT:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR THIS AGREEMENT. You understand that we, without prior notice, have the right to assign this Agreement to another financing source without your consent. You understand that the assignee will have the same rights and benefits but they do not have to perform any of our obligations. You agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

**11. DEFAULT AND REMEDIES:** If you do not pay any payment or other sum due to other party or us when due or if you break any of your promises in this Agreement or any other agreement with us, you will be in default. If any part of the payment or any other amount owed to Secured Party is more than (5) days late customer shall pay a late charge of 15% of the total amount due, all or a portion of which is late (or such lesser rate as is the maximum rate available under applicable law). Notwithstanding, if we do not receive the last payment of the Initial Term, as set out on the Schedule of Monthly Payments (hereafter called the "Final Payment:), within (5) days of the date due, an additional Quarterly Default Charge shall be added in addition to the aforementioned late charge. The Quarterly Default Charge shall be the amount of the payment immediately preceding the Final Payment and shall be invoiced and due monthly for a (3) month period. If we do not receive the Final Payment prior to the end of the initial Quarterly Default Charge then the Quarterly Default Charge shall continue for subsequent quarterly periods until we receive the Final Payment or the Equipment is returned to us. If you are ever in default, we may increase the amount of each remaining payment by 15% (fifteen percent), we may retain your security deposit and, at our option, we can terminate or cancel this Agreement and require that you (1) pay the unpaid balance of this Agreement, including accrued but unpaid future payments, discounted to present value at four percent per annum and (2) unless you have paid the amount in (1), return the Equipment to us to a location designated by us or repossess the Equipment by Peaceable non-judicial means or through judicial process. We may sell, lease or otherwise dispose of all or any part of the Equipment at public or private sale, with or without notice and may bid and purchase the Equipment or any of it at such sale. The proceeds of sale, lease or other disposition shall first be applied to all costs and expenses incurred in taking, removing, holding, repairing and selling or otherwise disposing of the Equipment, attorneys fees and court costs, and our other obligations hereunder (excluding repayments); then to pay all sums remaining unpaid hereunder, with any remaining surplus belonging to you. You will be obligated to pay any deficiency remaining after such application of proceeds. We may recover interest on any unpaid balance at the rate of 12% per annum. We may also use any of the remedies available to us under Article 9 of the Uniform Commercial Code as enacted in the State of Illinois or any other law. If we refer this Agreement to an attorney for collection, you agree to pay our reasonable attorney's fees and actual court costs. If we have to take possession of the equipment, you agree to pay the cost of repossession. YOU AGREE THAT WE WILL NOT BE RESPONSIBLE TO PAY YOU ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. You agree that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time, and the exercise of any remedy shall not prevent the exercise of any other remedy. It is further agreed that our rights and remedies are governed exclusively by this agreement.


DS
MR ___Initial
Mark Rice


Case 23-42473-elm13   Doc 35-1   Filed 09/21/23   Entered 09/21/23 09:01:34   Desc
Exhibit    Page 3 of 4

Beacon Funding Corporation
3400 Dundee Road, Suite 180
Northbrook, IL 60062
Phone  847.291.6494
Fax  847.291.3414

28 Lord Road, Suite 230
Marlborough, MA 01752
Phone  847.291.6494
Fax  508.229.7899

THIS IS A COPY
This Authoritative Copy of this Record is held at www.docusign.net



# Equipment Finance Agreement  Page 3 of 3

**12. UCC FILINGS:** You authorize us to record an UCC-1 financing statement or similar instrument electronically or otherwise. You appoint us your attorney-in-fact to execute and deliver such instrument, in order to show our interest in the Equipment. You agree to take any other action we request to protect our rights under this Agreement from time to time and that we may report a copy of this Agreement as a financing statement. You will provide any landlord or mortgagee waiver we request to protect our interest in the Equipment. You authorize us to endorse your name to any notes, checks, or other instruments for the payment of money relating to the Equipment (including insurance).

**13. SECURITY DEPOSIT:** You will pay the applicable security deposit and/or advance payment on the date you sign this Agreement. Any security deposit paid to us shall be placed in a non-interest bearing account. Upon satisfaction of your obligations under this Agreement, the security deposit will be refundable to you. We may commingle the security deposit with other funds.

**14. MISCELLANEOUS:** To further secure your obligations to us under this agreement, you hereby grant us a security interest in all collateral securing every other agreement with us, and agree that any default by you under this agreement may be treated as an event of default by you on every other agreement, and that we may exercise our rights and remedies as if you defaulted on all agreements. All collateral held as security for one obligation shall be deemed security and collateral for all obligations between you and us.

**15. LAW AND JURISDICTION:** This Agreement will be deemed fully executed and performed in Illinois or the home state of our assignee as it may be assigned from time to time per Paragraph 10. THIS AGREEMENT SHALL BE GOVERNED BY ILLINOIS LAW (EXCLUSIVE OF CHOICE OF LAW PRINCIPLES). YOU AGREE AND CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT IN CHICAGO, COOK COUNTY, ILLINOIS, OR IF ANY AGREEMENT IS ASSIGNED, IN ANY COURT IN THE STATE OF THE ASSIGNEE'S PRINCIPAL PLACE OF BUSINESS. YOU HEREBY CONSENT TO PERSONAL JURISDICTION AND VENUE IN SUCH COURT AND WAIVE ANY RIGHT TO TRANSFER VENUE. YOU WAIVE ANY RIGHT TO A TRIAL BY JURY, SO THAT TRIAL SHALL BE BY AND ONLY TO THE COURT. In no event will this Agreement be enforced in any way that permits us to collect excessive interest. If any interest payment hereunder exceeds the highest amount allowed by law, it shall be reduced to such rate and the excess interest refunded to you. In such event, you agree we will not be subject to any penalties provided by law for collecting or charging interest in excess of lawful rates.

**16. TITLING AND REGISTRATION:** We are lien holder on the Equipment and should it be a titled vehicle, you guarantee that the physical titling will be accomplished in a timely manner no later than 60 days after delivery and acceptance. You also agree to provide us the original title documentation. This will be provided within 15 days of when you receive it from the titling authority. If you should fail to do so, you will be in default of this agreement. You further agree to pay a month to month unobtained titling fee if we have not received the correct transferred title in our office. THE FIRST LIENHOLDER ON THE APPLICATION FOR TITLE MUST INCLUDE:  BEACON FUNDING CORPORATION  3400 DUNDEE ROAD, SUITE 180 NORTHBROOK, IL 60062

**17. FAX & ELECTRONIC DOCUMENTS:** A fax or copy version of your signature on the Agreement when received by us shall be binding on you for all purposes as if originally signed. The Agreement shall only become binding against us when actually signed or otherwise authenticated by us. Both you and we agree that the written version of the Agreement containing our original signature and your original, fax, or copy signature may constitute the original authoritative version, and that the electronic version of the Agreement which has been authenticated by you and us in accordance with applicable law and controlled by the Owner (pursuant to the rules and regulations of eOriginal, Inc.) shall constitute the original authoritative version of the Agreement; provided that if the "Paper Out" process shall have occurred pursuant to the eOriginal product Reference Guide, and there shall simultaneously exist both the "Paper Out" printed version and an electronic version of the Agreement, then the "Paper Out" printed version of the Agreement identified in the eOriginal audit record and corresponding affidavit shall constitute the sole authoritative version. Both you and we hereby agree that the Agreement may be authenticated by electronic means, and expressly consent to the use of the electronic version of the Agreement or Schedule to embody the entire agreement and the understanding between you and us. Reference herein to eOriginal shall mean eOriginal, Inc., Baltimore, MD or any successor electronic custodian appointed by us.


Initial
Mark   Rice

All registration, titling, plate, permit and license costs necessary for use in your business are your sole responsibility. You further grant us limited power of attorney to sign off on any title documentation in case of repossession or termination.



X _____  Date: 4/24/2019
Mark  Rice  - Owner

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

**EXHIBIT 'B'**



BEACON FUNDING CORPORATION
3400 DUNDEE ROAD
SUITE 180
NORTHBROOK, IL 60062


DETACH HERE



**TEXAS CERTIFICATE OF TITLE**

TxDMV    TEXAS DEPARTMENT OF MOTOR VEHICLES
146655494

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FDWX6DE6KDF02386 | 2019 | FORD | TT |

TITLE/DOCUMENT NUMBER: 05750843612102023    DATE TITLE ISSUED: 06/06/2019

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| F65 | | 17140 | |

ODOMETER READING: EXEMPT

PREVIOUS OWNER: LEE-SMITH, INC. CHATTANOOGA TN

REMARK(S): DIESEL

OWNER:
MARK RICE DBA: M & S TRANSPORT
7929 LOST CREEK ROAD
MANSFIELD, TX 76063

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN    1ST LIENHOLDER
04/30/2019    BEACON FUNDING CORPORATION
              3400 DUNDEE ROAD
              SUITE 180
              NORTHBROOK, IL 60062

1ST LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

DATE OF LIEN    2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

DATE OF LIEN    3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THIS AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____

FORM 30-C REV. 05/2016    DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.